UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-06786-MCS-PD** | Date | February 11, 2026 |
| Title | *Charter Oak Fire Ins. Co. v. Troxel* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE STAY SHOULD NOT BE LIFTED AND THE CASE SHOULD NOT BE DISMISSED AS MOOT**

The Court on its own motion stayed this federal action pending resolution of Defendant Vicki Troxel's then-forthcoming state-court proceedings to confirm an arbitral award. (Order 4, ECF No. 23.) The Court ordered the parties to submit periodic joint status reports. (*Id.*) Before the first joint status report became due, Defendant filed a unilateral status report indicating that Plaintiff The Charter Oak Fire Insurance Company "agreed to pay the arbitration award, in full, whereby obviating the need [to] seek confirmation of the arbitration award in State Court." (Status Report 2, ECF No. 26.) Defendant asks the Court to dismiss Plaintiff's complaint or set an order to show cause why the case should not be dismissed. (*Id.* at 3.)

A status report is not an appropriate vehicle for an affirmative request for relief. *See* C.D. Cal. R. 6-1 ("[E]very motion shall be presented by written notice of motion."). Notwithstanding, Defendant's report suggests that the state court proceedings, in deference to which the Court stayed the federal case, will not materialize. Further, Defendant has placed in issue whether the federal case is moot.

---

Page 1 of 2              CIVIL MINUTES – GENERAL              Initials of Deputy Clerk SMO

Accordingly, the interests of justice and judicial economy would be served by further discussion. *See* Fed. R. Civ. P. 1.

The Court orders both parties to show cause why the Court should not lift the stay and/or dismiss the case as moot. Plaintiff shall file a written response within 14 days of entry of this Order, and Defendant shall file a written response within seven days of Plaintiff's response. Alternatively, the parties may file within 14 days of entry of this Order either (1) a notice or stipulation of dismissal or (2) a joint status report and proposed order for further proceedings. Failure to file a timely and satisfactory response may result in sanctions, including but not limited to dismissal or entry of default, without further warning.

**IT IS SO ORDERED.**